# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALONZO TREVON TALLEY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CANTU, et al.,<br><br>　　　　Defendants. | Case No. 1:14-cv-00781-LJO-DLB PC<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND<br><br>**THIRTY-DAY DEADLINE** |

Plaintiff Alonzo Trevon Talley ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action on May 22, 2014. He names LVN Cantu, LVN Nallet and RN K. Powell as Defendants.

**A.  LEGAL STANDARD**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C.

1

§ 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id.

To state a claim, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Id. at 1949. This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S.Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 129 S.Ct. at 1949-50; Moss, 572 F.3d at 969.

**B.     SUMMARY OF PLAINTIFF'S ALLEGATIONS**

Plaintiff is currently incarcerated at the California Substance Abuse Treatment Facility in Corcoran, California, where the events at issue occurred.

Plaintiff alleges that on December 25, 2013, Defendant Cantu called him to the D Clinic to have stitches in his palm removed. As Defendant Cantu was removing the stitches, she became frustrated because Plaintiff's skin had grown over a portion of the stitches. Once she realized that the procedure was not turning out well, she stopped and asked Defendant Nallet to remove the final two stitches. Defendant Nallet took one stitch out, but became frustrated when she got to the last stitch. Defendant Nallet could not grip the string so she started to use force, causing the skin to separate. Plaintiff told Defendant Nallet that "now it's a hole" and can become infected. ECF No. 1, at 5. Defendant Nallet told Plaintiff that it would be okay without coverage and that he could obtain a ducat for follow-up.

Overnight, Plaintiff states that his wound was painful and opened up. Plaintiff informed medical of the situation. Defendant Cantu only gave Plaintiff a bandage.

On December 27, 2013, Plaintiff was called in to see Defendant Powell. He showed her the "openness" and complained of pain and numbness. Defendant Powell told him that it was normal and "fine." ECF No. 1, at 5.

Plaintiff contends that due to the lack of reasonable care, he has a deformed finger and nerve "dysfunctional comfort." ECF No. 1, at 5.

Based on these facts, Plaintiff alleges a violation of the Eighth Amendment, and state law causes of action for negligence and intentional infliction of emotional distress.

**C.     ANALYSIS**

    1.     Eighth Amendment

While the Eighth Amendment of the United States Constitution entitles Plaintiff to medical care, the Eighth Amendment is violated only when a prison official acts with deliberate indifference to an inmate's serious medical needs. Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012); Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012); Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d 1091, 1096 (9th Cir. 2006)). Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096). The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care. Snow, 681 F.3d at 985 (citation and quotation marks omitted); Wilhelm, 680 F.3d at 1122.

Plaintiff's facts do not demonstrate that any Defendant acted with deliberate indifference. Defendants treated Plaintiff for suture removal and wound care after a biopsy of an area on his left palm. Defendant Cantu began removing the stitches on December 25, 2013, but allegedly became frustrated and asked Defendant Nallet to finish. Defendant Nallet finished removing the stitches, but

3

Plaintiff contends that she used force and caused the wound to open.[1] Defendant Nallet told Plaintiff that the wound would be okay without coverage and informed him that he could seek follow-up treatment. The next day, Defendant Cantu offered Plaintiff a bandage when he complained. Finally, on December 27, 2013, Plaintiff saw Defendant Powell and complained of numbness and tingling. Defendant told him that this was normal.

According to Plaintiff's facts, Defendants did not "know of and disregard an excessive risk to [plaintiff's] health or safety." Farmer, 511 U.S. at 837. Indeed, the exhibits attached to Plaintiff's complaint support this conclusion.

Treatment notes from December 26, 2013, indicate that there was no sign of drainage or infection. The wound was closed, with no opening. ECF No. 1, at 47. Defendant Powell's treatment notes from December 27, 2013, indicate that Plaintiff's suture line was clean and healing well, without redness, drainage or signs of infection. Plaintiff complained of numbness, and Defendant Powell explained that this was normal after a surgical procedure, while the tissue is healing and reconnecting. ECF No. 1, at 36. Plaintiff was seen again on December 30, 2013, for complaints of a "non-healing wound" with pain on movement. The wound was not bleeding and there were no signs of infection or swelling. Plaintiff had some tenderness. The physician applied a steri-strip and a splint to promote healing. ECF No. 1, at 37-38.

Plaintiff was seen again on December 31, 2013, for complaints of pain and tingling in his left hand/arm. Plaintiff was given Naproxen for pain and told to follow-up. ECF No. 1, at 41-42.

Plaintiff's wound was checked again on January 2 and 6, 2014. He continued to complain of pain. There was no bleeding or evidence of contamination, though Plaintiff complained of numbness with some tenderness. Plaintiff was informed to keep his left arm in the splint and watch for signs of infection. ECF No. 1, at 43-44.

Finally, on January 17, 2014, Plaintiff was instructed to discontinue follow-up appointments because his wound was healed. ECF No. 1, at 46.

---

[1] The Court notes that Plaintiff's attached exhibits refute his claim. Although Plaintiff claims that his wound was opened by Defendant Nallet, treatment notes indicate that it was closed after suture removal. His exhibits also indicate that the wound re-opened on December 30, 2014, while Plaintiff was doing push-ups. ECF No. 1, at 15. Nonetheless, for purposes of screening, the Court will resolve doubts in Plaintiff's favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121-23 (9th Cir. 2012).

Even assuming that Defendants erred, a finding which is not supported by the record, an Eighth Amendment claim may not be premised on even gross negligence. Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

For these reasons, Plaintiff fails to state an Eighth Amendment claim against any Defendant.

2. State Law Claims

   a. *Supplemental Jurisdiction*

Pursuant to 28 U.S.C. § 1367(a), in any civil action in which the district court has original jurisdiction, the district court "shall have supplemental jurisdiction over all other claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III," except as provided in subsections (b) and (c). "[O]nce judicial power exists under § 1367(a), retention of supplemental jurisdiction over state law claims under 1367(c) is discretionary." Acri v. Varian Assoc., Inc., 114 F.3d 999, 1000 (9th Cir. 1997).

   b. *Medical Negligence*

"The elements of a medical malpractice claim are (1) the duty of the professional to use such skill, prudence, and diligence as other members of his profession commonly possess and exercise; (2) a breach of that duty; (3) a proximate causal connection between the negligent conduct and resulting injury; and (4) actual loss or damage resulting from the professional's negligence." Avivi v. Centro Medico Urgente Medical Center, 159 Cal.App.4th 463, 468, n.2 (2008) (internal quotations and citation omitted).

Plaintiff's negligence claim fails for the same reasons noted above. There is simply no evidence that any Defendant breached the standard of care. He may amend this claim, but Plaintiff is notified that if he fails to allege a viable federal claim in his amended complaint, the Court will not exercise supplemental jurisdiction over his state law claim, even if he cures the deficiencies and states a claim. 28 U.S.C. § 1367(c)(3); Parra v. PacifiCare of Az., Inc., 715 F.3d 1146, 1156 (9th Cir. 2013); Herman Family Revocable Trust v. Teddy Bear, 254 F.3d 802, 805 (9th Cir. 2001).

c.   *Intentional Infliction of Emotional Distress*

Under California law, the elements of intentional infliction of emotional distress are: (1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct. Corales v. Bennett, 567 F.3d 554, 571 (9th Cir. 2009) (quotation marks omitted); Tekkle v. United States, 567 F.3d 554, 855 (9th Cir. 2007); Simo v. Union of Needletrades, Industrial & Textile Employees, 322 F.3d 602, 621-22 (9th Cir. 2003). Conduct is outrageous if it is so extreme as to exceed all bounds of that usually tolerated in a civilized community. Corales, 567 F.3d at 571; Tekkle, 511 F.3d at 855; Simo, 322 F.3d at 622

Plaintiff fails to state an intentional infliction of emotional distress claim against any Defendant. Defendants provided treatment to Plaintiff, and his belief that the treatment was deficient does not create an intentional infliction of emotional distress claim. Again, Plaintiff may amend this claim, but if he fails to state a cognizable federal claim, the Court will not exercise jurisdiction over any state claim.

D.   **CONCLUSION AND ORDER**

Plaintiff's complaint fails to state a claim upon which relief may be granted under section 1983. The Court will provide Plaintiff with an opportunity to file an amended complaint, **but he should only amend if he believes, in good faith, that he can do so.** Akhtar v. Mesa, 698 F.3d 1202, 1212-13 (9th Cir. 2012); Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George, 507 F.3d at 607.

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 676-77. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted). Finally, an amended complaint supercedes the original complaint, Lacey v. Maricopa County, 693

F.3d 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

      Accordingly, it is HEREBY ORDERED that:

      1.    Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim under section 1983;

      2.    The Clerk's Office shall send Plaintiff a civil rights complaint form;

      3.    Within thirty (30) days from the date of service of this order, Plaintiff shall file an amended complaint; and

      4.    <u>If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim under section 1983.</u>

IT IS SO ORDERED.

    Dated:   **November 6, 2014**           /s/ *Dennis L. Beck*
                                             UNITED STATES MAGISTRATE JUDGE