# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALONZO TREVON TALLEY,<br><br>          Plaintiff,<br><br>     v.<br><br>CANTU, et al.,<br><br>          Defendants. | Case No. 1:14-cv-00781-LJO-DLB PC<br><br>ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND<br><br>**THIRTY-DAY DEADLINE** |

Plaintiff Alonzo Trevon Talley ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action on May 22, 2014. Pursuant to Court order, he filed a First Amended Complaint on November 21, 2014. He names LVN Cantu, LVN Nallet and RN K. Powell as Defendants.

**A.   LEGAL STANDARD**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C.

1

§ 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  Id. (quoting Twombly, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not.  Id.

To state a claim, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights.  Id. at 1949.  This requires the presentation of factual allegations sufficient to state a plausible claim for relief.  Iqbal, 129 S.Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The mere possibility of misconduct falls short of meeting this plausibility standard.  Iqbal, 129 S.Ct. at 1949-50; Moss, 572 F.3d at 969.

**B.**     **SUMMARY OF PLAINTIFF'S ALLEGATIONS**

Plaintiff is currently incarcerated at the California Substance Abuse Treatment Facility in Corcoran, California, where the events at issue occurred.

Plaintiff alleges that on December 25, 2013, Defendant Cantu "wrongfully" called him to have his stitches removed.  Based on a December 16, 2013, doctor's note indicating that the stitches may be ready to be removed on December 27, 2013, Plaintiff contends that Defendant Cantu called him two days too early and therefore wasn't authorized to take the stitches out.[1]  Plaintiff suggests that Defendant Cantu knew "she was messing up."  He contends that Defendant Cantu and Defendant Nallet had difficulty removing the stitches because they were not ready, and they should have known this.  Instead, they "acted under all the original claims I previously presented. . ."  ECF

---

[1] The Court noted in the first screening order that the exhibits attached to his complaint appeared to contradict his claims. Plaintiff does not attach any medical records to his First Amended Complaint.

No. 11, at 3-4. He contends that that Defendants Cantu and Nallet "wrongfully" participated in the removal and caused the wound to open back up a little. ECF No. 11, at 4.

Plaintiff alleges that Defendant Nallet used "excessive force" during the removal, and that Defendant Powell incorrectly told Plaintiff on December 27, 2013, that the pain, redness and numbness were normal. Plaintiff also showed Defendant Powell the hole in his hand caused by Defendant Nallet, but Defendant Powell said it was "alright." ECF No. 11, at 4. Plaintiff contends that all three Defendants acted without reasonable care.

Based on these facts, Plaintiff states that he is challenging the "medical negligence" of Defendants, which amounted to cruel and unusual punishment.

## C. ANALYSIS

### 1. Amended Complaint Supersedes Original Complaint

In the Court's order dismissing his original complaint, the Court explained that an amended complaint supersedes the original complaint, Lacey v. Maricopa County, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc), and must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220.

In his First Amended Complaint, Plaintiff provides significantly less detail in his factual allegations. Instead, he appears to be (1) addressing only the deficiency identified by the Court, i.e., a failure to demonstrate that any Defendant acted with deliberate indifference; or (2) arguing why the prior screening order was incorrect. Plaintiff cites to the "original claims" presented in his complaint, without actually including these claims in his amended complaint.

The result, therefore, is an incomplete version of the alleged events. The Court cannot, as Plaintiff seems to suggest, refer back to his complaint to discern his "original claims." Plaintiff therefore fails to state a claim because his First Amended Complaint is incomplete.

### 2. Eighth Amendment

While the Eighth Amendment of the United States Constitution entitles Plaintiff to medical care, the Eighth Amendment is violated only when a prison official acts with deliberate indifference to an inmate's serious medical needs. Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012);

3

Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012); Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).  Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d 1091, 1096 (9th Cir. 2006)).  Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096).  The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care.  Snow, 681 F.3d at 985 (citation and quotation marks omitted); Wilhelm, 680 F.3d at 1122.

In the prior screening order, the Court explained that Plaintiff's facts did not demonstrate that any Defendant acted with deliberate indifference.  The Court also explained that even if Defendants erred, a finding which was not supported by the record, an Eighth Amendment claim may not be premised on even gross negligence.  Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

Now, Plaintiff alleges that Defendant Cantu "wrongfully" called him in to have his stitches removed two days early, and that she wasn't authorized to take the stitches out.  He also alleges that Defendants Cantu and Nallet knew, or should have known, that the stitches were not ready to be removed.  As to Defendant Powell, he simply alleges that she gave him incorrect advice.

Plaintiff's claims again fail to demonstrate that any Defendant acted with the requisite state of mind.  "Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004).  "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer, 511 U.S. at 837).  "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)).

In other words, even if Defendants "wrongfully" took the stitches out, or gave incorrect advice, these facts, alone, do not demonstrate that any Defendant acted with deliberate indifference.

4

The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care. Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012), overruled in part on other grounds, Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir. 2014) (citation and quotation marks omitted); Wilhelm, 680 F.3d at 1122.

For these reasons, Plaintiff fails to state an Eighth Amendment claim against any Defendant. Nonetheless, because Plaintiff has not submitted a complete complaint, the Court will afford him a **final** opportunity to amend.

### 2. Medical Negligence

Pursuant to 28 U.S.C. § 1367(a), in any civil action in which the district court has original jurisdiction, the district court "shall have supplemental jurisdiction over all other claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III," except as provided in subsections (b) and (c). "[O]nce judicial power exists under § 1367(a), retention of supplemental jurisdiction over state law claims under 1367(c) is discretionary." Acri v. Varian Assoc., Inc., 114 F.3d 999, 1000 (9th Cir. 1997).

At this stage, the Court will not exercise supplemental jurisdiction over any state laws claim because Plaintiff has not yet stated a cognizable federal claim. 28 U.S.C. § 1367(3); Parra v. PacifiCare of Az., Inc., 715 F.3d 1146, 1156 (9th Cir. 2013); Herman Family Revocable Trust v. Teddy Bear, 254 F.3d 802, 805 (9th Cir. 2001).

## D. **CONCLUSION AND ORDER**

Plaintiff's First Amended Complaint fails to state a claim upon which relief may be granted under section 1983. The Court will provide Plaintiff with **a final** opportunity to file an amended complaint. Akhtar v. Mesa, 698 F.3d 1202, 1212-13 (9th Cir. 2012); Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George, 507 F.3d at 607.

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556

U.S. at 676-77.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." <u>Twombly</u>, 550 U.S. at 555 (citations omitted).  Finally, an amended complaint supercedes the original complaint, <u>Lacey v. Maricopa County</u>, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

     Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's First Amended Complaint is dismissed, with leave to amend, for failure to state a claim under section 1983;

2. The Clerk's Office shall send Plaintiff a civil rights complaint form;

3. Within thirty (30) days from the date of service of this order, Plaintiff shall file an amended complaint; and

4. <u>If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim under section 1983.</u>

IT IS SO ORDERED.

    Dated:   **March 31, 2015**          /s/ *Dennis L. Beck*
                                                          UNITED STATES MAGISTRATE JUDGE